**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| U.S. Bank National Association,           )<br>                                                           )<br>                           Plaintiff,      )<br>                                                           )<br>        v.                                                )<br>                                                           )<br>                                                           )<br>International Palm Oil & Biodiesel,   )<br>LLC; Mark Day; and Carter Lumber of )<br>the South, Inc.,                                 )<br>                           Defendants.  )<br>                                                           ) | Civil Action No. 6:20-cv-3543-TMC<br><br><br><br>**ORDER** |

Defendant Mark Day, proceeding *pro se*, removed this action from the Greenville County Court of Common Pleas (ECF No. 1), alleging a federal question arises from an action to foreclose on real property on which Plaintiff claims a mortgage lien. (ECF No. 1-1). In his notice of removal, Day suggests that the underlying foreclosure proceeding would violate federal laws such as the "CARES Act," Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020). (ECF No. 1 at 2).[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this action was referred to a federal magistrate judge for pretrial handling.

Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court remand this action *sua sponte* to the Greenville County Court of Common Pleas for lack of subject matter jurisdiction. (ECF No. 6 at 6). Specifically, the magistrate judge determined that the notice of removal pointed to nothing to suggest that the foreclosure action arose out of the Constitution, laws, or treaties of the United States, such that this court can exercise federal question jurisdiction. *Id*. at 3. Noting that "federal question jurisdiction

---

[1] Day also referenced the "HEROES Act 2020." (ECF No. 1 at 2).

is proper only if presented on the face of a properly pleaded complaint," the magistrate judge found that the underlying complaint only "asserts a claim against Defendants for foreclosure under South Carolina law." *Id*. at 4.  The magistrate judge rightly observed that Day's ability "to raise a defense to the foreclosure action based on these federal Acts does not provide federal-question jurisdiction when, as here, the state-court complaint does not include claims based on federal statutes." *Id.* (internal quotation marks omitted); *see In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (explaining that § 1331 federal question jurisdiction "is limited to actions in which the plaintiff's well-pleaded complaint raises an issue of federal law; actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question"). Accordingly, the magistrate judge concluded that the court lacks subject matter jurisdiction and recommended that this action be remanded to state court. (ECF No. 6 at 4). Day was advised of his right to file objections to the Report. (ECF No. 6-1).  However, Day filed no objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court **ADOPTS** the magistrate judge's Report (ECF No. 6), which is incorporated herein by reference, and **REMANDS** this action to the Greenville County Court of Common Pleas for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

January 26, 2021
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.